131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James SINGLETARY, Plaintiff-Appellant,
v.
Daryl F. GATES, Former Chief of Police; Willie Williams,
Chief of Police; City of Los Angeles; Richard Alatorre;
Mike Hernandez; Rita Walters; Hal Bernson; Nate Holden;
Michael Woo; Mark Ridley-Thomas; Marvin Braude; Joy
Picus; Zev Yaroslavsky; Ernani Bernardi; Robert Farrell;
John Ferraro; Joan Flores; Ruth Galanter; Gloria Molina;
Joy Picus; Joel Wachs; Rudy Svornich; Jackie Goldberg;
Laura Chick; Richard Alarcon; Unknown Good, Mr., Officer;
one Hundred Unknown Named LAPD Officers; La City Attorneys,
100 unknown named Deputy or Assistant who have recommended
to the Los Angeles City Counsel that it indemnify LAPD
Officers for punitive damages assessed against those
officers, or who have caused or participated in the payment
by the City of LA of lump sum settlement of lawsuits in
which punitive damages were awarded against an LAPD Officer;
LA City Employees, 100 unknown named who were employed as
jailors nurses, nurses aids or other employees in the Van
Nuys Jail all except the City of Los Angeles sued both in
their individual and official capacities; C.O. Prather, as
individual and in official capacity; J. Krulac, as
individual and in official capacity; H. Rhudy, as
individual and in official capacity; L. Metz, as individual
and in official capacity; R.G. Abrams, as individual and in
official capacity; J. Garcia, as individual and in official
capacity; M. Pomeroy, as individual and in official
capacity; R.M. Moore, as individual and in official
capacity, Defendants-Appellees.
 No. 96-56796.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-07995-JSL; J. Spencer Letts, District Judge, Presiding
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Singletary appeals the district court's grant of defendants' motion for summary judgment in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Singletary's suit arises out of his warrantless arrest for child molestation while he was being detained pursuant to a traffic warrant. Singletary contends that the district court erred in granting summary judgment for defendants because triable issues of fact existed regarding whether his arresting officers were entitled to qualified immunity due to their reasonable belief that there was probable cause to arrest Singletary. We disagree.
 
 
 4
 We review de novo a district court's grant of summary judgment, viewing the evidence in "a light most favorable to the non-moving party" and asking whether there are "any genuine issues of material fact and whether the district court correctly applied the law." See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). A police officer is entitled to qualified immunity if he reasonably believes there is probable cause to make an arrest. See Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir.1993). Probable cause exists if, when the arrest was made, " 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that those arrested had violated the law." Henderson v. Mohave County, 54 F.3d 592, 594 (9th Cir.1995) (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991)).
 
 
 5
 The defendants supported their summary judgment motion with declarations by the police officers involved in Singletary's arrest. These stated that Singletary's arrest was based on information that a large number of children had been attacked by a man who matched Singletary's general appearance in race, age, weight, and height, as well as resembling Singletary in several specific features: receding hairline, a scar on the neck, and a short beard. Additionally, the attacker was reported driving a car similar in make and color to Singletary's. Finally, the attacker had brandished a knife during a recent assault, and the police found a knife in the trunk of Singletary's car when they arrested him on the traffic warrant. Based on this proffer of evidence, it appears as a matter of law that Singletary's arresting officers could have reasonably believed there was probable cause to arrest Singletary for molesting children. See id. at 594; see also Washington v. Lambert, 98 F.3d 1181, (9th Cir.1996) (affirming judgment as matter of law for plaintiffs). Accordingly, defendants met their initial burden on a motion for summary judgment. See Fed.R.Civ.P. 56(c).
 
 
 6
 The burden then devolved to Singletary to produce specific facts demonstrating a genuine issue for trial. See Fed.R.Civ.P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Singletary failed to meet this burden because he came forward with specific facts in opposition to defendants' motion only after the time to oppose the motion had run. See C.D. Cal. Local Rule 7.6 (requiring opposition papers to be filed not later than fourteen days before date scheduled for hearing); see also Marshall v. Gates, 44 F.3d 722, 725 (9th Cir.1995).
 
 
 7
 Accordingly, the district court properly granted defendants' motion for summary judgment. See Fed.R.Civ.P. 56(e).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4 Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3